IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EIRENE PIERRE DUBUCHE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:23-cv-02853-PX |
| GTI CORP., *et al.*, | * | |
| Defendants. | | |

\*\*\*

### MEMORANDUM OPINION

Pending before the Court is the joint motion for settlement approval filed by Plaintiff Eirene Pierre Dubuche ("Dubuche") and Defendants GTI Corp ("GTI") and Faizal Thobani (collectively Defendants). ECF No. 23. Dubuche initiated this overtime and minimum wage case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq.* ("DCMWRA"), and the District of Columbia Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ("DCWPCL"). ECF No. 1. The issues have been briefed, and the Court now rules, with no hearing necessary. Local Rule 105.6. For the following reasons, the Court GRANTS the parties' motion, approves the settlement, and dismisses the case with prejudice.

**I.     Background**

GTI, a Maryland-based corporation, operates shipping vehicles for the FedEx Corp. ECF No. 1 ¶ 6. Thobani owns and operates GTI. *Id.* ¶ 7. From July 2 through 17, 2022, Dubuche was employed as a driver for GTI, during which Defendants are alleged to have failed to pay him $1,265.20 in minimum and overtime wages. *Id.* ¶¶ 23, 32. Dubuche also pursues liquidated and statutory damages available under the FLSA, DCMWRA, and DCWPCL, for a total of $5060.80 in damages. *Id.* Defendants have denied all wrongdoing.

The parties have since settled the matter for the entirety of Dubuche's claimed damages and $14,000 in attorneys' fees, and now ask the Court to review the agreement's terms for fairness and reasonableness.

Congress enacted FLSA to ensure that covered workers receive a fair wage. *See Brookyln Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, where the parties to a wage and hour dispute reach compromise on the claims, Courts may review the agreement to ensure that it reflects a "'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Hackett v. ADF Rest. Invs., 259 F. Supp. 3d 360, 364* (D. Md. Dec. 19, 2016). The Court particularly reviews whether the settlement agreement reflects a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14-3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015). Further, the Court considers the actual issues raised; fairness and reasonableness of the settlement award; and the reasonableness of the attorneys' fees. These factors are most likely satisfied where there is an "assurance of an adversarial context," and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354. The Court addresses each factor in turn.

To determine whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. AJT-JFA-08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009). Absent evidence of collusion or wrongdoing, "a court should be hesitant to substitute its own judgement for that of counsel." *Id.* (citing *Cotton v. Hinton*, 559

F.2d 1326, 1330 (5th Cir. 1977).

In response to the Complaint, Defendants denied all wrongdoing.  ECF No. 16 ¶ 1.  Defendants further contend that Dubuche had been paid all wages due under the law.  *Id.*  From this, the Court concludes that the matter raises a *bona fide* dispute.

Next, as to the fairness and reasonableness of the settlement agreement, the Court considers the complexity, expense, and likely duration of the litigation; whether settlement involved fraud or collusion; the likelihood of success on the merits; and the settlement award as compared to the alleged lost wage and related damage.  *See Hackett*, 259 F. Supp. 3d at 365.  These factors tilt in favor of approving the settlement.

The parties reached settlement before expending resources on formal discovery, the engagement of which "would have made settlement impossible as the attorneys' fees incurred will have exceeded the total amount in controversy."  ECF No. 23 ¶ 8. *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. May 23, 2014) ("By avoiding formal discovery, resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced."); *Park v. Myung Ga of MD, Inc.*, PWG-15-3606, 2016 WL 5957555, at *2 (D. Md. Oct. 13, 2016).  Further, the Court finds no indication that the settlement agreement is the product of fraud or collusion by counsel.  *See Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

The parties also affirm that they engaged in arms-length negotiations where all parties were represented by "experienced and capable" counsel.  ECF No. 23 ¶ 10.  The Court finds no reason to second guess the resolution as Dubuche's counsel recommends.  This is especially so where, as here, the settlement agreement fully compensates Dubuche for all claimed damages.

ECF Nos. 1 & 23.  Lastly, the parties have agreed that the attorneys' fees request of $14,000 is reasonable, especially because it reflects a hefty up-front discount.  *See* ECF No. 23-1.

Accordingly, and based on the foregoing, the Court grants the motion to approve settlement.  ECF No. 23. A separate Order follows.


<u>October 7, 2024</u>_____                    _____/s/_____
Date                                                                    Paula Xinis
                                                                              United States District Judge